**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINTON BOWERS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3445 |
| | § | |
| ERIK K. SHINSEKI, Secretary of | § | |
| Veteran Affairs, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 12] filed by Defendant Erik K. Shinseki, Secretary of Veteran Affairs, to which Plaintiff Clinton Bowers filed a Response [Doc. # 17]. Defendant neither filed a reply nor requested additional time to do so. Having carefully reviewed the full record and applied the governing legal standards, the Court **grants** Defendant's Motion as to the Rehabilitation Act claim. The Court will schedule a hearing on Defendant's Motion as to the discrimination and retaliation claims.

## I.  BACKGROUND

Plaintiff is a sixty-two year old African American male. In 2006, he applied for two "Cemetery Representative" positions with the Department of Veteran Affairs ("VA") at the National Cemetery in Houston, Texas. Cemetery Representatives meet

with family members of the deceased to make funeral arrangements.  Plaintiff was first on each list of applicants, but was not selected for either position.

Plaintiff alleges that his non-selection was the result of race and age discrimination, retaliation, and discrimination in violation of the Rehabilitation Act. Defendant asserts that Plaintiff was not selected for the two positions because the work was transferred to a central location in St. Louis, Missouri, and, as a result, the positions in Houston were not filled.  Instead, Defendant converted the Cemetery Representative positions in Houston to Cemetery Caretaker positions, which involve "opening and closing gravesites."  The Cemetery Caretaker position is on a different, lower pay scale.  Plaintiff maintains that a younger, Caucasian applicant (Stamon Braggs) was selected for one of the Cemetery Representative positions.  Defendant claims that Braggs was hired as a Cemetery Caretaker, not a Cemetery Representative.

Plaintiff challenged his non-selection for the two positions both through the VA procedure and with the Equal Employment Opportunity Commission ("EEOC").[1]  On January 15, 2008, the Administrative Judge ("AJ") for the EEOC dismissed Plaintiff's charge for failure to state a claim because the two positions had not been filled. Plaintiff unsuccessfully sought reconsideration of the AJ's decision.

---

[1]      It appears from the record that Plaintiff claimed in the EEOC complaint only that his non-selection was in retaliation for prior complaints of discrimination.  As a result, it is unclear whether Plaintiff has exhausted his administrative remedies as to the discrimination claims.

On November 20, 2008, Plaintiff filed this lawsuit.  After an adequate time for discovery, Defendant filed its Motion for Summary Judgment.  The Motion is ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"  *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"  *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-

movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   REHABILITATION ACT CLAIM

Plaintiff alleges that his non-selection for the Cemetery Representative positions violated the Rehabilitation Act.  "An individual claiming discrimination under the Rehabilitation Act must show that he (1) is an individual with a disability, (2) was otherwise qualified for the job in question, (3) worked for a program or activity receiving Federal financial assistance, and (4) was discriminated against solely by reason of her or his disability."  *Aguillard v. Mukasey*, 295 F. App'x 619, 622 (5th Cir. Sept. 10, 2008) (internal quotations and citations omitted).  An "individual with a disability" includes individuals who have "a physical or mental

impairment which substantially limits one or more major life activities." *Id*. (quoting 29 U.S.C. § 706(8)(B)).

Plaintiff alleges that he "is a 50% present service connected disable[d] veteran" and has diabetes.  Plaintiff does not, however, identify any major life activity that is substantially limited by either of these impairments.  As a result, Plaintiff has failed to raise a genuine fact issue that he has a disability, and Defendant is entitled to summary judgment on Plaintiff's Rehabilitation Act claim.

## IV.   DISCRIMINATION AND RETALIATION CLAIMS

Defendant argues that he is entitled to summary judgment on Plaintiff's discrimination and retaliation claims because the Cemetery Representative positions for which Plaintiff was not selected were not filled by anyone.  Non-selection for a position that remains unfilled cannot support a discrimination or retaliation claim because "the cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting [Plaintiff] for those positions." *Phillips v. TXU Corp.*, 2006 WL 3900112, *5 (N.D. Tex. Dec. 29, 2006) (citing *Black v. Tomlinson*, 425 F. Supp. 2d 101, 108 (D.D.C. 2006)); *see also Stiner v. IBM Corp.*, 2007 WL 30837, *3 (5th Cir. Jan. 5, 2007).

Defendant submitted the affidavit of Jorge Lopez, Director of the Department of Veterans Affairs National Cemetery in Houston.  In his affidavit, Lopez states that

the two Cemetery Representative positions for which Plaintiff applied were not filled because the work was transferred to a centralized location in St. Louis, Missouri. *See* Declaration of Jorge Lopez, Exh. 4 to Motion, ¶ 1. Lopez also states that Stamon Braggs, the person Plaintiff claims was hired for the Cemetery Representative position, was actually hired as a Cemetery Caretaker. Plaintiff has submitted an email from Jorge Lopez on which Stamon Braggs is listed with the reference "(vice temp cem rep)." *See* Email, Exh. 5 to Plaintiff's Response. It is unclear what the email shows, however, because in a later section of the email it states "Cemetery Rep (NOT FILLED THIS FY)." The Court needs factual clarification and authentication of the evidence submitted. Accordingly, a hearing on Defendant's Motion will be conducted to determine whether there is a fact dispute concerning whether the Cemetery Representative position was filled.

Defendant also argues that the retaliation claim fails because Plaintiff has not shown that the selecting official had knowledge of Plaintiff's prior protected activity. Plaintiff states in his Response that Jorge Lopez knew that he had filed "numerous prior EEO discrimination complaints."[2] *See* Response, p. 4. The Court will conduct a hearing to determine whether there is a fact dispute concerning whether Lopez was

---

[2]     Plaintiff asserts that Lopez was the selecting official. Defendant claims, however, that the decision not to fill the Cemetery Representative positions was made in the "VA National Cemetery Central Office."

the selecting official and, if so, whether he had knowledge of Plaintiff's prior protected activity.

The Court notes that it is unclear from the record whether Plaintiff has exhausted his race and age discrimination claims.  As a result, the Court will address the exhaustion issue at the hearing.

## V.    CONCLUSION AND ORDER

Plaintiff has failed to identify or present evidence of a major life activity that is substantially limited by his service connected disability or his diabetes.  As a result, Defendant is entitled to summary judgment on the Rehabilitation Act claim.

The Court will conduct an evidentiary hearing to determine whether Plaintiff's race and age discrimination claims have been properly exhausted, and whether there is a fact dispute regarding whether the Cemetery Representative positions were filled and whether, if he was the deciding official, Lopez knew of Plaintiff's prior protected activity.  The parties must bring witnesses to authenticate contested documents and to testify on personal knowledge about the matters discussed in this Memorandum and Order.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 12] is **GRANTED** as to the Rehabilitation Act claim.  It is further

**ORDERED** that Plaintiff and counsel for Defendant shall appear before the

Court on **May 18, 2009, at 3:00 p.m.** for the hearing described above.

SIGNED at Houston, Texas, this **6th** day of **May, 2009**.

Nancy F. Atlas
United States District Judge