IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON BOWERS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3445 |
| | § | |
| ERIK K. SHINSEKI, Secretary of | § | |
| Veteran Affairs, | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This employment case is again before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 12] filed by Defendant Erik K. Shinseki, Secretary of Veteran Affairs, to which Plaintiff Clinton Bowers filed a Response [Doc. # 17]. Having carefully reviewed the full record, having conducted a hearing on the Motion, and having applied the governing legal standards, the Court **grants** Defendant's Motion.

### I.   BACKGROUND

The factual background is set forth fully in the Court's May 6, 2009 Memorandum and Order [Doc. # 18]. Briefly, Plaintiff is a sixty-two year old African American male who applied for two "Cemetery Representative" positions with the Department of Veteran Affairs ("VA") at the National Cemetery in Houston, Texas. Plaintiff was first on each list of applicants, but was not selected for either position.

Plaintiff filed this lawsuit asserting claims of discrimination on the basis of race and age, retaliation, violation of the Rehabilitation Act, and violation of Plaintiff's Veterans Preference Rights.[1]  After an adequate time for discovery, Defendant filed its Motion for Summary Judgment.  The Court issued its May 6, 2009 Memorandum and Order granting summary judgment on the Rehabilitation Act claim.  The Court also noted, however, that it was unclear from the record whether Plaintiff's race and age discrimination claim had been properly exhausted and whether there was a fact dispute regarding whether the positions Plaintiff applied for had been filled.  The Court set the case for a hearing, at which the Court received additional evidence in support of Defendant's Motion for Summary Judgment and granted leave for Defendant to file a Reply in support of his prior Motion.  Defendant filed his Reply [Doc. # 20], and Plaintiff filed a Sur-Reply [Doc. # 27].  The Motion for Summary Judgment is ripe for decision.

---

[1]   Plaintiff asserts in his Sur-Reply that he does not have an age discrimination claim, a race discrimination claim, or a Rehabilitation Act claim.  Plaintiff states that he has only a retaliation claim and a claim that Defendant violated his "Veterans preference rights."  In his Complaint, however, Plaintiff states that he is complaining of "unlawful employment discrimination" and that Defendant violated Title VII, the Rehabilitation Act, and the Age Discrimination in Employment Act.  *See* Complaint [Doc. # 1], pp. 1-2.  To the extent that Plaintiff asserts race discrimination, age discrimination, and Rehabilitation Act claims, they appear to be abandoned by Plaintiff.  Additionally, for the reasons stated in the prior Memorandum and Order, Defendant is entitled to summary judgment on the Rehabilitation Act claim and, for the reasons stated herein, the race and age discrimination claims are unexhausted and subject to dismissal.

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure requires the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001)

(internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal

quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   RACE AND AGE DISCRIMINATION CLAIMS

Plaintiff filed a charge of retaliation through the VA procedure and with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff did not, however, include a charge of discrimination based on either race or age. As a result, the claims are not properly exhausted and are dismissed. *See, e.g., Fitzgerald v. Secretary of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997); *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).

## IV.   RETALIATION CLAIM

Defendant argues that he is entitled to summary judgment on Plaintiff's retaliation claim because the Cemetery Representative positions for which Plaintiff was not selected were not filled by anyone. Non-selection for a position that remains unfilled cannot support a retaliation claim because "the cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting [Plaintiff] for those positions." *Phillips v. TXU Corp.*, 2006 WL 3900112, *5 (N.D. Tex. Dec. 29, 2006) (citing *Black v. Tomlinson*, 425 F. Supp. 2d 101, 108 (D.D.C. 2006)); *see also Stiner v. IBM Corp.*, 2007 WL 30837, *3 (5th Cir. Jan. 5, 2007).

As was noted in the May 6, 2009 Memorandum and Order, Defendant submitted the affidavit of Jorge Lopez, Director of the Department of Veterans Affairs National Cemetery in Houston. In his affidavit, Lopez states that the two Cemetery Representative positions for which Plaintiff applied were not filled because the work was transferred to a centralized location in St. Louis, Missouri. *See* Declaration of Jorge Lopez, Exh. 4 to Motion, ¶ 1. Lopez also stated that Stamon Braggs, the person Plaintiff claims was hired for the Cemetery Representative position, was actually hired as a Cemetery Caretaker.

Plaintiff states that it is untrue that the Cemetery Representative position was not filled. In his response to the Motion for Summary Judgment, Plaintiff submitted an email from Jorge Lopez on which Stamon Braggs is listed with the reference "(vice temp cem rep)." *See* Email, Exh. 5 to Plaintiff's Response. The meaning of the email was unclear, however, because a later section of the email stated that the "Cemetery Rep (NOT FILLED THIS FY)." As a result, the Court conducted a hearing on May 18, 2009, to determine whether there was evidence that presented a genuine issue of material fact regarding whether the positions for which Plaintiff applied were filled by someone other than Plaintiff.

At the hearing, Defendant presented the testimony of Stamon Braggs, who stated unequivocally that he had not been hired for the Cemetery Representative

position, but was instead hired for a Cemetery Caretaker position, a lower paid position with very different job responsibilities. Consequently, the evidence in the record is uncontroverted that nobody, including Stamon Braggs, was hired for the Cemetery Representative positions for which Plaintiff applied. Defendant is entitled to summary judgment on the retaliation claim because the there is no genuine issue of material fact regarding whether the relevant positions were filled.

## V. **VETERANS PREFERENCE CLAIM**

Plaintiff alleges that his "Veterans Preference Rights" were violated when he was not selected for the Cemetery Representative positions. An agency is entitled to cancel a vacancy announcement as it did in this case, and doing so does not violate the preference rights of any veterans who applied for the position subject to the vacancy. *See Abell v. Dept. of Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003). Defendant is entitled to summary judgment on Plaintiff's "Veterans Preference Rights" claim.

## VI. **CONCLUSION AND ORDER**

Plaintiff has abandoned any race discrimination, age discrimination, and Rehabilitation Act claims that he asserted in his complaint. Additionally, Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether the Cemetery Representative positions were filled. Because the uncontroverted evidence establishes that the positions were not filled, Defendant is

entitled to summary judgment on the retaliation and "Veterans Preference Rights" claims. Accordingly, for the reasons stated herein and in the Memorandum and Order entered May 6, 2009, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 12] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **15th** day of **June, 2009**.

_____
Nancy F. Atlas
United States District Judge